IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT C. BARKINS,

        Plaintiff,

  v.

CHIEF OF POLICE OF OAKLAND, et al.,

        Defendants.

No. C-08-3719 MMC

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

      Before the Court is defendants' motion to dismiss, filed November 5, 2008. No opposition has been filed. Having read and considered the papers filed in support of the motion, the Court deems the matter appropriate for decision thereon, hereby VACATES the hearing scheduled for December 19, 2008, and rules as follows.

      To the extent plaintiff alleges a violation of 42 U.S.C. § 1983, the complaint, as defendants point out, fails to allege plaintiff's constitutional rights were violated pursuant to an official policy, practice, or custom of defendants, and, consequently, the complaint fails to state a claim. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978); Christie v. Iopa, 176 F.3d 1231, 1235 (9th Cir. 1999) ("Congress intended to hold municipalities liable only when 'action pursuant to official municipal policy of some nature caused a constitutional tort.'") (quoting Monell, 436 U.S. at 691).

      To the extent plaintiff alleges a violation of state law, the complaint, as defendants

point out, fails to allege that plaintiff presented a tort claim to any public entity, and, consequently, the complaint fails to state a claim. See Cal. Gov't Code § 905 (providing "all claims for money or damages against local public entities" shall be presented in accordance with statute); id. § 945.4 (providing, with exceptions not applicable herein, "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board").

      Defendants further argue that plaintiff should not be afforded leave to amend because he is collaterally estopped from bringing his claims. "The doctrine of res judicata provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Tahoe-Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal quotation and citation omitted). One essential element of a res judicata defense is "an identity of claims"; such identity exists "when two suits arise from the same transactional nucleus of facts." See id. at 1077-78 (internal quotation and citation omitted). Here, defendants argue, the claims plaintiff alleges in the instant complaint were dismissed with prejudice in a prior district court action. (See Defs.' Req. Jud. Notice Ex. D (Barkins v. San Pablo Assocs., L.P., No. C 08-3472 WHA (N.D. Cal. Aug. 4, 2008)).)[1]

      Although both the amended complaint in the prior action and the complaint in the instant action allege plaintiff was incarcerated for a period of 3 1/2 days and reference, respectively, the manager of the "San Pablo Apt" and "San Pablo Hotel" (see id.; compl.), the Court, on the sparse record before it, is unable to determine whether plaintiff's claims in the instant action "arise from the same transactional nucleus of facts" as his claims in the previous action, see Sierra-Tahoe, 322 F.3d at 1078 (internal quotation and citation omitted). In particular, it is unclear whether the allegations in the two complaints concern

---

[1] Concurrently with the instant motion, defendants filed a Request for Judicial Notice. Plaintiff having made no objection, and good cause appearing, the request is GRANTED.

the same alleged detention. A complaint must, however, meet the federal pleading requirements; in particular, a complaint must give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1959 (2007) (internal quotation and citation omitted). If plaintiff's claim is based on facts different from those underlying his earlier complaint in Case No. C 08-3472, he must make that distinction clear in an amended complaint.

Accordingly, for the reasons stated above, defendants' motion to dismiss is hereby GRANTED, and plaintiff's complaint is hereby DISMISSED, with leave to file, no later than January 9, 2009, a First Amended Complaint curing the deficiencies noted. If plaintiff does not file a First Amended Complaint by the required date, the Court will dismiss the action.

**IT IS SO ORDERED.**

Dated: December 9, 2008

_____
MAXINE M. CHESNEY
United States District Judge